762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM VITORATOS, PLAINTIFF-APPELLANT,
v.
HARRY K. RUSSELL; B.M. BRUNSWICK; ROGER T. OVERBERG;
RICHARD P. SEITER; RICHARD F. CELESTE; ARTHUR TATE; BILL
MCCELLAN; J.P. HEDGES; NURSE SUPT. MRS. PRATT; AND HENRY
SUBORA, DEFENDANTS-APPELLEES.
 No. 84-3647
 United States Court of Appeals, Sixth Circuit.
 4/19/85
 ORDER
 
 1
 BEFORE: KENNEDY and MILBURN, Circuit Judges; and GUY, District Judge.*
 
 
 2
 Appellant moves for the appointment of counsel on appeal from the district court order dismissing his civil rights complaint against the following Ohio officials: Harry K. Russell, Superintendent (Supt.), Hocking Correctional Facility (HCF); Bruce M. Brunswick, Assistant Supt. HCF; Roger T. Overberg, Classification Director, Department of Rehabilitation and Correction; Richard P. Seiter, Director, Department of Rehabiliation and Correction; Richard F. Celeste, Governor; Arthur Tate, Jr., Supt., Chillicothe Correctional Institute (CCI); June Pratt, Nursing Supervisor, CCI; William McClellan, Hospital Administrator, CCI; Henry Subora, I.D. man, CCI; and J. P. Hedges, Assistant Supt., CCI. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's informal brief and appellees' brief, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellant Procedure.
 
 
 3
 Appellant has emphysema. He was incarcerated at CCI, when he was notified in a letter dated April 29, 1983 that he was being transferred to HCF. The existing facility at HCF was being remodeled. Appellant objected to the transfer because he had cases pending which required access to a law library. Appellant's transfer was effectuated in May 1983. In June 1983 appellant appealed his transfer. He complained: 1) about the poor air quality, dust, extreme temperatures, and limited toilet facilities in the building where he was housed at HCF; 2) that he had suffered from several breathing spasms and had nearly died of heart stoppage as a result of inhaling dust from the construction at HCF; and 3) that there was no law library at HCF. He asked to be transferred back to CCI. On June 24, 1983 appellant was notified that the decision to reclassify him to HCF was affirmed. Also in June 1983 appellant had an emphysema attack and severely cut his left hand while trying to force open a window to get more air. Plastic surgery was required, followed by therapy. On September 22, 1983, appellant was taken back to CCI for placement in solitary confinement after the Rules Infraction Board at HCF convicted him of disrespecting a doctor and causing a disturbance. His security classification was increased to maximum, and a decision was made to transfer him to Southern Ohio Correctional Facility.
 
 
 4
 On January 17, 1984 appellant commenced this lawsuit. He alleges that appellees violated the Eighth and Fourteenth Amendments when they, with knowledge of his age and medical condition, arbitrarily, discriminately, wantonly and carelessly transferred him from CCI to HCF where conditions aggravated existing medical problems, denied him adequate medical treatment following his hand injury, and denied him access to state and federal courts. He also alleges that his transfer to HCF was in retaliation for his exercise of the right to redress in the courts. He seeks declaratory and injunctive relief and monetary damages.
 
 
 5
 Appellees moved to dismiss the complaint for failure to state a claim upon which relief could be granted. They argued that appellant's transfer from HCF mooted his claims. The district court found that plaintiff failed to state a claim under the Fourteenth Amendment and that his transfer from HCF mooted his Eighth Amendment claim. It, therefore, granted the motion.
 
 
 6
 Initially, it is noted that appellant's demands for injunctive and declaratory relief are moot because he is no longer at HCF. However, his demand for damages is viable. Winsett v. McGinnes, 617 F.2d 996, 1004 (3d Cir. 1980); Watts v. Brewer, 588 F.2d 646, 648 (8th Cir. 1978); Wycoff v. Brewer, 572 F.2d 1260, 1266 (8th Cir. 1978).
 
 
 7
 Turning to the merits, this Court concludes that the district court erred in dismissing appellant's action. A motion to dismiss under Rule 12(b)(6), Fed.R.Civ.Pro., should not be granted 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 47 (1957); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Appellant's complaint clearly states claims which are cognizable under 42 U.S.C. Sec. 1983. In Estelle v. Gamble, 429 U.S. 97, 103-04 (1976), the Supreme Court held that 'deliberate indifference' to serious medical needs of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment. If the inmate can establish that prison officials have shown such an indifference to medical needs that it offends 'evolving standards of decency,' a valid constitutional claim is made. Byrd v. Wilson, 701 F.2d 594, 595 (6th Cir. 1983). Westlake v. Lucas, supra, 537 F.2d 857, 859. Under the standards of Estelle v. Gamble, supra, 429 U.S. 103-04, a pro se complaint alleging deliberate indifference to a prisoner's medical needs must be liberally construed. Moreover, allegations in the complaint are to be accepted as true and construed in favor of the plaintiff. Byrd v. Wilson, supra, 701 F.2d at 594. When liberally construed appellant's complaint satisfies the standards articulated in Estelle v. Gamble and he is entitled to the opportunity to present his proof. Therefore, dismissal under Rule 12(b)(6) was inappropriate.
 
 
 8
 Appellant also states a cause of action under the First Amendment. He claims that he was transferred from CCI because he was overzealous in exercising his rights to redress in court. Appellant also alleges that there was no law library at HCF and he was unable to appeal cases that he had in state and federal courts. Where a complaint alleges that a transfer was ordered in retaliation for a prisoner's exercise of his constitutional right to access to the courts, the complaint states a cause of action under 42 U.S.C. Sec. 1983. See McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); Garland v. Polley, 594 F.2d 1220, 1222 (8th Cir. 1979). Furthermore, the constitutional right to access to the courts dictates that prisoners be provided adequate law libraries or persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Here, appellant alleges facts sufficient to prevent dismissal of his complaint under Fed.R.Civ.P. 12(b)(6). The district court is directed to address this issue on remand.
 
 
 9
 Accordingly, it is ORDERED that the motion for counsel is denied without prejudice. It is also ORDERED that the district court judgment is vacated, and the case is remanded for additional proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Ralph B. Guy, U.S. District Judge for the Eastern District of Michigan, sitting by designation