840 F.2d 17
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Muhammad Abdur RAHMAN, Plaintiff-Appellant,
v.
George GRAHAM, John Pieron, Daniel Fox, Officer Frederick,
Jerry Kunzelman, Defendants-Appellees.
 No. 87-1653.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1988.
 
 Before KEITH, WELLFORD and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff is a prisoner confined at the State Prison of Southern Michigan (SPSM). On November 6, 1986, he filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 against various prison officials at SPSM. In his complaint, the plaintiff alleged that he had been denied access to the courts by the refusal of defendants Pierson and Graham to deliver to him ten free postage stamps due him because of his indigent status. The plaintiff also alleged that he was additionally denied access to the courts and subjected to cruel and unusual punishment by the refusal of defendant Fox to allow him to leave his cell to attend sick call and mail call.
 
 
 3
 In response to these claims, the defendants filed a motion for summary judgment accompanied by affidavits. These affidavits, in particular those of defendants Pierson and Graham, stated that the plaintiff had been properly denied the stamps due to his refusal to produce his prison identification card as required by prison policy. The affidavit of defendant Fox, in contrast, denied that the defendant had ever refused to allow the plaintiff to attend mail call or sick call. The plaintiff in turn filed an opposing affidavit reasserting his claims.
 
 
 4
 Upon referral, the magistrate entered a report and recommendation in which he recommended that the plaintiff's action be dismissed. In so doing, the magistrate concluded that the plaintiff had been properly denied the stamps pursuant to prison policy and that he had failed to show any prejudice from the defendants' alleged refusal to allow him to attend mail call. The magistrate also concluded that the plaintiff's remaining allegations failed to rise to the level of cruel and unusual punishment under the eighth amendment.
 
 
 5
 The plaintiff then filed objections to the report listing the docket numbers of the legal actions in which he had been prejudiced by the defendants' conduct. Over these objections, and without comment, the district court adopted the report and recommendation and granted the defendants summary judgment. We now vacate the judgment of the district court and remand the case for further proceedings in accordance with this opinion.
 
 
 6
 Summary judgment pursuant to Fed.R.Civ.P. 56 is a proper means to resolve litigation only when, after drawing all inferences in the nonmoving party's favor, the district court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 447 U.S. 312 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. denied, 444 U.S. 986 (1979). A genuine issue of material fact for the purpose of Fed.R.Civ.P. 56 is one which " '... would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties....' " Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984) (citing Black's Law Dictionary p. 881 (6th Ed.1975)).
 
 
 7
 In the present case, genuine issues of material fact exist as to both of the plaintiff's claims. In particular, the record reveals that the parties have raised material factual issues as to: 1) the existence of a prison policy requiring the prisoners to present identification while in their own housing unit; 2) the refusal of defendant Fox to allow the plaintiff to receive his legal mail on four occasions; and 3) the possible prejudice resulting from the first two disputed facts as set out in the cases alleged to be adversely affected as contained in the plaintiff's objections to the magistrate's report and recommendation. Because we must assume for purposes of the motion that these disputed facts would be resolved in the plaintiff's favor, we cannot say that the defendants would be entitled to judgment as a matter of law on the plaintiff's claim of denial of access to the courts. See Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987); Walker v. Mintzes, 711 F.2d 920, 932 (6th Cir.1985).
 
 
 8
 In similar fashion, we conclude that a genuine issue of material fact exists as to the refusal of defendant Fox to allow the plaintiff to attend sick call on two occasions. If such alleged action were true, and the plaintiff's medical needs serious, then there may be a question of deliberate indifference as a matter of law on the plaintiff's claim of cruel and unusual punishment. See Byrd v. Wilson, 701 F.2d 592, 594 (6th Cir.1983); Westlake v. Lucas, 537 F.2d 857, 859-60 (6th Cir.1976).
 
 
 9
 Accordingly, the judgment of the district court entered June 19, 1987, is vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.