881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie BROCK, Plaintiff-Appellant,
Ray Bush, Plaintiff,
v.
Dwight LACY; McNealy, Dr., Defendants-Appellees.
 No. 88-6391.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1989.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges and HENRY R. WILHOIT, Jr., District Judge.*
 
 ORDER
 
 2
 Ronnie Brock and Ray Bush, Tennessee prisoners, appeal the order of the district court dismissing their cause of action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiffs brought suit against two members of the prison's medical staff alleging that their eighth amendment rights were violated. Specifically, Brock contends he was prescribed a medication that his medical record prohibited. As a result of taking the medication, Brock alleges he was sick to his stomach.
 
 
 4
 The district court dismissed Ray Bush from the suit because Bush was nothing more than a witness to the events alleged by Brock. The district court then dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), citing Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). The court held that, under the circumstances, Brock could prove no set of facts which would entitle him to relief.
 
 
 5
 Upon review, we affirm in part and vacate and remand in part.
 
 
 6
 The district court's order dismissing Ray Bush is not in error. There are absolutely no facts alleged that make Bush anything more than a mere observer of the action.
 
 
 7
 On the other hand, we conclude that the district court improperly dismissed the suit as frivolous as to Brock because his allegations are not utterly without foundation, lacking an arguable basis in law or fact. See Neitze v. Williams, 109 S.Ct. 1827 (1989). Brock could conceivably assert that the defendants intended to inflict harm on him, or other circumstances envincing obduracy and wantonness in the mishandling of his medicine sufficient to implicate the eighth amendment. See, e.g. Byrd v. Wilson, 701 F.2d 592 (6th Cir.1983) (per curiam) (claim stated for refusal to give prescribed medicine and special diet); Westlake v. Lucas, 537 F.2d 857 (6th Cir.1976) (claim state for failure to treat bleeding ulcer).
 
 
 8
 Accordingly, to the extent the district court's order dismissed Ray Bush as a plaintiff, it is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. However, to the extent, the court dismissed the suit as frivolous as filed by Brock, it is hereby vacated and the case is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.