895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey Kent OVERBEY, Plaintiff-Appellant,
v.
Dr. Samuel BREEDING; Tim Pipen; John Shupe; Jeffrey
Reece; Defendants-Appellees.
 No. 89-5926.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Jeffrey Kent Overbey, a Tennessee prisoner proceeding pro se and in forma pauperis, appeals the dismissal of his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Overbey complained that the medical treatment he received for a cyst on his shoulder while in the Sullivan County Jail deprived him of his eighth amendment protections.
 
 
 4
 The district court dismissed Overbey's complaint because it failed to state a claim upon which relief can be granted and for being frivolous.
 
 
 5
 Although we note that the district court did not specifically cite to 28 U.S.C. Sec. 1915(d) in the order, see Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986), any oversight is harmless because the court was clearly correct in its determination that this case is frivolous. A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 109 S.Ct. 1827 (1989). Claims which lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist; claims which lack an arguable basis in fact include claims describing fantastic or delusional scenarios. 109 S.Ct. at 1833. Claims are frivolous where it is clear from the face of the complaint that defendants are entitled to immunity. 109 S.Ct. at 1833.
 
 
 6
 Prison authorities may be sued for deliberate indifference to the serious medical needs of the prisoners under the eighth amendment as such indifference constitutes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). See also Byrd v. Wilson, 701 F.2d 592 (6th Cir.1983) (per curiam) (claim stated for refusal to give prescribed medicine and special diet); Westlake v. Lucas, 537 F.2d 857 (6th Cir.1976) (claim stated for failure to treat bleeding ulcer). If the case involves, however, a difference of opinion between the plaintiff and his doctor regarding his diagnosis and treatment, no claim is stated. Estelle, 429 U.S. at 107; Westlake, 537 F.2d at 860 n. 5. Even if mistakes in diagnosis and treatment are made, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.
 
 
 7
 Overbey complains of nothing more than a difference of opinion between him and his doctor regarding his diagnosis and treatment. No claim is stated. His cause of action is clearly frivolous.
 
 
 8
 Accordingly, the order of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation