902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony Tony TAYLOR, Plaintiff-Appellant,
v.
Loyd FLETCHER, Warden; Jane Doe, Nurse, Defendants-Appellees.
 No. 89-6170.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1990.
 
 1
 Before KENNEDY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Anthony Taylor, a Kentucky prisoner proceeding pro se and in forma pauperis, appeals the judgment of the district court dismissing, sua sponte, his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Taylor alleged that prison employees were deliberately indifferent to his serious medical needs in violation of the eighth amendment prohibition against cruel and unusual punishment. The case was submitted to a magistrate who recommended dismissing the complaint, sua sponte, pursuant to 28 U.S.C. Sec. 1915(d). The district court adopted the magistrate's report and recommendation over Taylor's objection, and dismissed the action.
 
 
 4
 Upon review, we find no error. The district court dismissed the complaint as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). We conclude that the complaint was properly dismissed because it is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Claims which lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist. Id.
 
 
 5
 Taylor's complaint clearly set forth an allegation concerning the prison nurse's determination that his back injury was not serious. Prison authorities may be sued for deliberate indifference to the serious medical needs of the prisoners under the eighth amendment as such indifference constitutes the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976). See also Byrd v. Wilson, 701 F.2d 592 (6th Cir.1983) (per curiam) (claim stated for refusal to give prescribed medicine and claim stated for failure to treat bleeding ulcer). If the case involves, however, a difference of opinion between the plaintiff and his doctor regarding his diagnosis and treatment, no claim is stated. Estelle, 429 U.S. at 107. Even if mistakes in diagnosis and treatment are made, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.
 
 
 6
 Taylor's allegation does not involve the wanton infliction of pain. It is therefore a claim that lacks an arguable basis in law and is frivolous within the meaning of 28 U.S.C. Sec. 1915(d).
 
 
 7
 Furthermore, Warden Loyd Fletcher was properly dismissed due to Taylor's failure to plead that the warden was personally involved in the alleged deprivation.
 
 
 8
 Under circumstances such as these, respondeat superior no longer applies to impute liability onto supervisory personnel. In order to find them liable, a plaintiff must allege that the supervisors condoned, encouraged or participated in the alleged misconduct. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 9
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Taylor's request for the appointment of counsel is denied.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation