701 F.2d 592
 David Ray BYRD, Plaintiff-Appellant,
v.
George WILSON, Department of Corrections; Dewey Sowders,
Warden, Kentucky State Penitentiary; Doctor King; Doctor
Hodge; Don Sapienza, Hospital Administrator, Kentucky State
Penitentiary, Defendants-Appellees.
 No. 81-5266.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 1, 1982.
Decided March 8, 1983.
 
 David Ray Byrd, pro se and Herbert A. Thornbury, Chattanooga, Tenn., for plaintiff-appellant.
 Dept. of Corrections, P.F. Isaacs, Barbara H. Willett Jones, Linda Cooper, Frankfort, Ky., for defendants-appellees.
 Before JONES and CONTIE, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this Section 1983 prisoner complaint, the inmate challenges the prison medical staff's failure to give him adequate medical treatment. The district court dismissed the complaint as frivolous and the inmate appealed. Upon review of the appellant's claim, we reverse.
 
 
 2
 Plaintiff-appellant instituted this action by filing a Section 1983 complaint in which he alleged that the prison administration and personnel exhibited deliberate indifference to his medical problems. The incidents that gave rise to appellant's claim began in June 1980 when he began to experience stomach trouble during his incarceration at the Kentucky State Penitentiary. At that time, he was treated with Maalox, treated for high blood pressure, and diagnosed as having a heat rash by Dr. Hodge, a prison physician.
 
 
 3
 During October and November 1980, appellant contended that he began experiencing pain and swelling in his stomach. This swelling persisted for several days, and yet, he was not allowed to visit a physician. Rather, these symptoms were treated with Tylenol, laxatives and fluids. In late November 1980, appellant was allowed to see Dr. King at the prison hospital; Dr. King treated him with antibiotics and admitted him to the hospital for blood tests.
 
 
 4
 Between November 25 and December 17, 1980, appellant was treated at various hospitals and medical centers and was diagnosed as having post-hepatitic type cirrhosis of the liver for which medication and a low-sodium, high-protein diet were prescribed. Appellant contends that he was returned to the prison on December 6, 1980 and, several days later, he was readmitted to the hospital because it would not be possible for him to maintain his diet in the prison. Thereafter, he was transferred to the Kentucky State Reformatory and later transferred back to the Kentucky State Penitentiary.
 
 
 5
 Upon his return, appellant tried unsuccessfully to get his medicine and his diet for two days. On January 1, 1981, appellant was taken to the prison hospital immediately upon his request. Since that time, he has received medication prescribed by the medical staff, although they have not followed the precise course of treatment that was prescribed by the doctors at the University of Louisville Medical Center.
 
 
 6
 The magistrate made findings of fact and conclusions of law and recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915. Judge Johnstone adopted the magistrate's findings and conclusions and, accordingly, dismissed the complaint. Appellant appealed from the district court's dismissal of the case.
 
 
 7
 The district court's determination that a complaint is frivolous pursuant to 28 U.S.C. Sec. 1915 is a discretionary ruling. Boyce v. Alizaduh, 595 F.2d 948, 951 (4th Cir.1979). In reviewing such a dismissal, however, this Court must examine the pro se allegations to determine whether they are sufficient to overcome a charge of frivolousness. Id. at 953.
 
 
 8
 Under the standards enunciated by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), a pro se complaint that alleges deliberate indifference to a prisoner's medical needs is to be liberally construed. Id. at 103-04, 97 S.Ct. at 290. As such, the complaint can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Id. at 106, 97 S.Ct. at 292. Accord Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Moreover, the allegations in the complaint are taken as true and are to be construed in favor of the plaintiff. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976); Timson v. Wright, 532 F.2d 552, 553 (6th Cir.1976).
 
 
 9
 The Supreme Court has held that both state and federal prisoners have a constitutionally-guaranteed right to a certain degree of medical treatment while incarcerated. 429 U.S. at 103, 97 S.Ct. at 290. While not every showing of inadequate medical treatment will establish the existence of a constitutional violation, the Eighth Amendment does protect a prisoner from actions amounting to a "deliberate indifference" to his medical needs.[1] Id. at 104, 97 S.Ct. at 291. When an inmate can establish that prison officials have shown such indifference to his medical needs that it offends "evolving standards of decency," a valid constitutional claim has been made.[2]
 
 
 10
 This Circuit has followed Estelle and recognized the propriety of such actions against prison authorities in Westlake v. Lucas, 537 F.2d 857 (6th Cir.1976). In Westlake, the Court held that a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering. 537 F.2d at 860. Thus, we must conclude that the appellant's complaint states a cause of action if it satisfies the requirements of Estelle and Westlake, supra.
 
 
 11
 Upon applying the standards of Estelle v. Gamble, supra, and Westlake v. Lucas, supra, the Court is of the opinion that the appellant has alleged facts which constitute deliberate indifference to his dietary needs and his medication. As such, we conclude that it states a valid cause of action under Westlake. The district court's determination that appellant's claim is frivolous embodies a preliminary conclusion that the substance of appellant's claim would not entitle him to relief under any construction either in law or in fact. Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979). Since Westlake establishes the validity of a claim for deliberate indifference, this Court concludes that the district court's dismissal of this complaint as frivolous was clearly erroneous. Although the denial and/or indifference to appellant's medical needs existed for only a short period of time, the complaint still satisfies the standards articulated in Estelle and Westlake and withstands the test of frivolity. Therefore, the appellant is entitled the opportunity to offer his proof.
 
 
 12
 Accordingly, the district court's judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 13
 PECK, Senior Circuit Judge.
 
 
 14
 Having concluded that this opinion does not represent an extension of the position of this court reflected in Westlake v. Lucas, 537 F.2d 857 (6th Cir.1976), I concur.
 
 
 
 [1]
 Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), was analyzed under the Eighth Amendment prohibition against cruel and unusual punishment. This amendment has been construed to encompass broad concepts of dignity, humanity, and decency against which penal measures are evaluated. See, e.g., Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976); Trop v. Dulles, 356 U.S. 86, 100-01, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958); Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir.1968). As such, the Estelle Court has construed the infliction of the unnecessary suffering, which results from a denial of medical care, as being inconsistent with contemporary standards of decency. Therefore, when prison authorities are deliberately indifferent to serious medical needs of prisoners, such indifference constitutes the "unnecessary and wanton infliction of pain" that is proscribed by the Eighth Amendment. 429 U.S. at 104, 97 S.Ct. at 291
 
 
 [2]
 The Estelle Court admonished, however, that a claim of negligence in diagnosis of treatment will not state a claim of medical mistreatment that is actionable under the Eighth Amendment. As the Court explained, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." 429 U.S. at 106, 97 S.Ct. at 292