786 F.2d 1167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD WATSON, Plaintiff-Appellant,
v.
BENJAMIN T. ULEP, M.D., Defendant-Appellee.
 85-1735
 United States Court of Appeals, Sixth Circuit.
 2/5/86
 
 1
 W.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges, and CHURCHILL, District Judge.*
 
 
 3
 This matter is before the Court on appellant's motion for appointment of counsel on appeal from the district court's dismissal of the case, a prisoner civil rights action.
 
 
 4
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 5
 Appellant, a prisoner at Marquette Branch Prison (Marquette, Michigan) filed a complaint pursuant to 42 U.S.C. Sec. 1983, against Dr. Ulep, a physician at the prison. He alleged deliberate indifference to his medical needs while incarcerated at Marquette with respect to a chronic eye infection and to painful feet.
 
 
 6
 The district court determined that Dr. Ulep had not exhibited deliberate indifference to appellant's medical problems within the meaning of Estelle v. Gamble, 429 U.S. 97 (1976). Consequently, appellee's motion for summary judgment was granted and the case was dismissed.
 
 
 7
 To state a cause of action based on medical indifference under 42 U.S.C. Sec. 1983, a litigant must show deliberate indifference to a serious medical need. Estelle v. Gamble, supra; Byrd v. Wilson, 701 F.2d 592 (6th Cir. 1983). A difference of opinion with respect to medical diagnosis and treatment does not rise to the level of a constitutional claim. See, Estelle v. Gamble, supra; Westlake v. Lucas, 537 F.2d 857 (6th Cir. 1976).
 
 
 8
 Appellant acknowledges that Dr. Ulep 'made an effort to treat' him, but alleges that such care was so inadequate as to amount to deliberate indifference to his medical problem. A review of the copies of appellant's medical records refutes this allegation. Dr. Ulep changed appellant's medication, ordered arch supports, saw appellant on a regular basis for the treatment of his conjunctivities (which was apparently periodic in its appearance). It is clear that appellant received regular medical care and that Dr. Ulep's conduct does not rise to the level of deliberate indifference.
 
 
 9
 It appears that the questions on which this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be denied and the final judgment of the district court affirmed.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation