810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy Lee BLAIR, Plaintiff-Appellant,
v.
CUYAHOGA COUNTY SHERIFF, Defendant-Appellee.
 No. 85-3773.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1986.
 
 Before KENNEDY, and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of this pro se appellant's appeal from an order of the district court which dismissed his prisoner's civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the parties' briefs, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On May 25, 1983, appellant filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleged that he had been denied necessary medical care while in the custody of appellee. In support of his claim, appellant maintained that on August 7, 1982, while incarcerated in Cuyahoga County Justice Center, he had slipped in a puddle and injured his right thumb. Shortly thereafter he received treatment at that facility's dispensary and was then taken to the Cleveland Metropolitan General Hospital. Physicians at that institution determined that appellant had suffered only a bruise to his thumb which they treated by applying a splint. On August 13, 1982, nurses at the justice center dispensary removed the splint and examined appellant's hand which they determined to be healing normally. As a result, appellant's demands to be returned to the hospital were denied and he was instead transferred to the Columbus Correctional Facility on September 2, 1982. At that time appellant again insisted that he be taken to a hospital and, upon his continued refusal to cooperate with jail personnel, he was forcibly placed in the vehicle in which he was transported to Columbus. Appellant then filed this action pursuant to 42 U.S.C. § 1983, claiming that appellee's refusal to honor his repeated requests for additional hospital treatment constituted an unconstitutional denial of proper medical care. By order entered August 20, 1985, however, the district court dismissed appellant's cause of action primarily on the grounds that his claim was insufficient to give rise to relief under 42 U.S.C. § 1983.
 
 
 3
 Examination of the record on appeal indicates that the district court was correct in its conclusion that the facts of this case were inadequate to entitle appellant to relief under that statute. Generally, the denial of a prisoner's request for medical care alone will not give rise to a cause of action under 42 U.S.C. § 1983. Rather, the withholding of medical services must be accompanied by circumstances which demonstrate a deliberate indifference to the prisoner's suffering on the part of those charged with his care and custody. Byrd v. Wilson, 701 F.2d 592 (6th Cir.1983); Westlake v. Lucas, 537 F.2d 857 (6th Cir.1976). Such a situation simply is not present in this case as a review of the record reveals that appellant was consistently the recipient of medical care at both the Cuyahoga County Justice Center and a hospital. While not exactly that desired by appellant, this treatment would appear to be qualified and appropriate medical care. Accordingly, the district court did not err in determining that appellant was not entitled to relief under 42 U.S.C. § 1983 and dismissing his complaint.
 
 
 4
 It appears that the question on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the district court entered August 20, 1985, be and hereby is affirmed.