815 F.2d 81
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter WILLIAMS, Plaintiff-Appellant,
v.
Imogene FERGUSON, Nurse, SOCF; Dr. J. Hatheway, SOCF; Dr.
Rohner, SOCF; Dr. Chaboudy, SOCF, Defendants-Appellees.
 No. 86-3010.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, an inmate at the Southern Ohio Correctional Facility at Lucasville, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Southern District of Ohio. In support of his claim for both compensatory and punitive damages, he first alleged that appellees failed to respond to his requests for medical attention regarding an infectious condition in his left foot. Furthermore, appellant also alleged that the care ultimately provided him was so lacking that his condition eventually worsened to the extent that he was forced to undergo the amputation of one of his toes. Upon consideration of appellees' motion for summary judgment and appellant's response thereto, however, the district court determined that there had been no constitutional deprivation in this regard and ordered the dismissal of the complaint. Appellant therefore filed this appeal.
 
 
 3
 Summary judgment is proper only when the district court, drawing all inferences in favor of the non-moving party, can conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; Kendall v. Hoover Company, 751 F.2d 171 (6th Cir.1984). Both those requirements have been satisfied in the present appeal. First, review of the record indicates that there is no dispute that appellant developed his medical condition sometime during 1980, with that condition continuing until the removal of his toe in June, 1982. Second, it is equally clear that appellees are entitled to judgment as a matter of law as review of the record indicates that various physicians regularly treated appellant's condition after its inception in 1980. Furthermore, appellant's allegations regarding the quality of the care ultimately provided him, even if taken as true, amount only to a claim for medical malpractice. Such conduct standing alone, however, does not constitute the deliberate indifference to appellant's reasonable medical needs resulting in the wanton or unnecessary infliction of pain that is required to give rise to a cause of action under 42 U.S.C. Sec. 1983. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976); Byrd v. Wilson, 701 F.2d 592 (6th Cir.1983). The district court therefore did not err in granting the motion for summary judgment and dismissing appellant's complaint.
 
 
 4
 The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the district court's final judgment entered November 29, 1985, is affirmed.