869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald KIMMEL, Plaintiff-Appellant,
v.
RUCKMAN, Mr.; Lowe, Mr.; Thomson, Dr., Defendants-Appellees.
 No. 88-5617.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee state prisoner appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 While an inmate at DeBerry Correctional Institute, plaintiff filed this suit, seeking monetary and injunctive relief, alleging that the defendants violated his eighth amendment rights when they were deliberately indifferent to a serious medical need (his swollen big toe). Specifically, plaintiff alleged that defendant Ruckman, on several occasions, would not bring his medication to his bedside despite doctor's orders that he stay off his feet; that defendants took fifteen days to diagnose the problem with plaintiff's big toe; and that he was left in pain for five days before a physician examined his big toe. The magistrate conducted an evidentiary hearing and recommended the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that the defendants had rendered adequate medical care. The district court ultimately conducted a de novo review of plaintiff's objections and dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon review, we affirm the district court's dismissal as plaintiff has not shown deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Byrd v. Wilson, 701 F.2d 592, 594 (6th Cir.1983) (per curiam). In fact, the record indicates that plaintiff received much medical attention for his big toe. Although plaintiff was dissatisfied with the treatment rendered, we are unable to say that defendants were deliberately indifferent. At best, plaintiff may have stated a tort claim for negligence under state law. This however is insufficient to state a claim under Sec. 1983. See Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.