872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl Rudoplh BRANHAM; Plaintiff,
Pearly L. Wilson, Plaintiff-Appellant,
v.
Victor N. KASSICIEH, Dr.; Jerry Patton; Hocking
Correctional Facility, Defendants-Appellees.
 No. 88-3834.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pearly Wilson, an Ohio state prisoner, requests appointment of counsel on appeal from the entry of summary judgment in favor of defendant Dr. Kassicieh in this civil rights suit filed under 42 U.S.C. Sec. 1983. The claims between the remaining plaintiff and defendants have been disposed of and are not being challenged here. Wilson alleged in his complaint that Dr. Kassicieh had refused to examine his right hand or refer plaintiff to an outside specialist. He sought damages and injunctive relief. Defendant moved for summary judgment and submitted an affidavit stating that he had examined plaintiff's hand and found no medical reason to refer him to a specialist. Defendant also submitted a copy of the medical records which confirmed his statement. Wilson asserts that the medical records were falsified and that the district court judge was biased against him.
 
 
 3
 Upon consideration, we affirm the judgment of the district court, as there is no genuine issue of material fact and defendant was entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In order to state a claim under the eighth amendment, plaintiff must establish deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976); allegations of negligent diagnosis or treatment do not state a claim. Byrd v. Wilson, 701 F.2d 592, 595 n. 2 (6th Cir.1983) (per curiam). Moreover, a claim may not be based on mere conclusions or opinions. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 4
 Accordingly, the motion for counsel is hereby denied, and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.