895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lee CARTER, Plaintiff-Appellant,
v.
Betsy FARR, LPN; Cpl. Darrell Renfro; CIO. Herk McCartt;
CIO. Glen Hensley; Cpl. Sam Chaplin, Defendants-Appellees.
 No. 89-5676.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 David Lee Carter, a pro se Tennessee prisoner, appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. Additionally, plaintiff requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Carter filed suit against various administrative and medical personnel at Brushy Mountain State Prison alleging that the defendants violated his eighth amendment rights when they refused to provide him with dental floss. Carter also alleged that the defendants violated his due process rights during a disciplinary proceeding. Specifically, Carter alleged that his request to summon two witnesses was refused, and that he was not permitted to have the assistance of an inmate advisor at his disciplinary hearing. He further alleged that the defendants conspired against him in pursuing the disciplinary charges and that they brought the charges against him in retaliation for filing a grievance. The district court summarily dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that Carter was afforded the minimal measure of constitutional due process, that he failed to state a claim of deliberate indifference to his medical needs, and that he failed to allege facts sufficient to support his conspiracy claim. The court, however, did not address Carter's retaliation claim.
 
 
 3
 Upon review, we deny the request for counsel. We further find no error in the sua sponte dismissal of Carter's eighth amendment, procedural due process and conspiracy claims, and thus we affirm the district court's judgment as to those claims. However, we conclude that Carter's substantive due process claim for wrongful retaliation is not frivolous and must be addressed by the district court.
 
 
 4
 First, we conclude that Carter's eighth amendment claim was properly dismissed as frivolous within the meaning of 28 U.S.C. Sec. 1915(d) because it lacks an arguable basis either in law and in fact. See Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). Carter has received his dental floss and, in fact, stated in his complaint that he was provided with his dental floss after requesting to file a grievance against defendant Farr. Thus, this claim was properly dismissed. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Byrd v. Wilson, 701 F.2d 592, 594 (6th Cir.1983) (per curiam).
 
 
 5
 Second, Carter's claim of a procedural due process violation lacks an arguable basis in law because he was clearly afforded the minimal measure of constitutional due process in his disciplinary proceedings. See Wolff v. McDonnell, 418 U.S. 539 (1974). Because Carter's two requested witnesses were irrelevant for purposes of the disciplinary proceedings, the disciplinary board was within its considerable discretion to refuse the request. See Ponte v. Real, 471 U.S. 491, 495-99 (1985); Baxter v. Palmingiano, 425 U.S. 308, 320-22 (1976). Moreover, Carter has shown no special circumstances which required the assistance of counsel or counsel substitute. See Wolff, 418 U.S. at 570.
 
 
 6
 Third, Carter alleges that he was the victim of a conspiracy insofar as he was charged with the prison disciplinary offense of disrespect. It is well established that "conspiracy claims must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under Sec. 1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987). Under the circumstances of this case, we do not believe the allegation here is sufficient to support Carter's conspiracy claim even under the Neitzke standard of review.
 
 
 7
 Finally, Carter claims that in retaliation for filing a grievance about defendant Farr's refusal to bring him his dental floss, defendants brought false disciplinary charges against him. Carter's claim is not based on an indisputably meritless legal theory. A claim of retaliation for the prisoner's exercise of a constitutional right states a facial claim for a violation of substantive due process. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988). His claim is not frivolous.
 
 
 8
 Accordingly, the request for counsel is hereby denied, and the district court's judgment is hereby affirmed in part pursuant to Rule 9(b)(5), Rules of the Sixth Circuit and vacated and remanded in part pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.