895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dallas Herman CLARK, Plaintiff-Appellant,
v.
Mike GARDNER, Sheriff, Dr. Breeding, Jail Doctor, Pat
Martin, Jail Nurse, Defendants-Appellees.
 No. 89-5466.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. Additionally, plaintiff requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dallas Herman Clark alleged that, while he was housed at the Sullivan County Jail in Tennessee, defendants provided him with inadequate medical care in violation of the eighth amendment. Clark claimed that defendants knew of his history of heart and psychiatric conditions and that they failed to provide psychiatric counseling, failed to place him on a special low-cholesterol diet and gave him wrong medication. Clark sought monetary relief.
 
 
 3
 Defendants filed a motion to dismiss. The district court determined that the defendants were not deliberately indifferent to Clark's serious medical needs because Clark was seen by a physician who did assess his medical needs and who did listen to his demands. Defendants' motion to dismiss was granted.
 
 
 4
 The district court's dismissal of plaintiff's claims after consideration of matters outside of the pleadings is treated as a motion for summary judgment. Fed.R.Civ.P. 12(b)(6).
 
 
 5
 Upon review, we conclude that dismissal was proper because this case presents no genuine issue of material fact and defendants are entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The existing record refutes Clark's claim that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Byrd v. Wilson, 701 F.2d 592, 594 (6th Cir.1983) (per curiam). The record does not contain any basis for finding that the defendants failed to provide psychiatric counseling, failed to place Clark on a special low-cholesterol diet or gave Clark wrong medication, and thus there is no evidence of record to support an eighth amendment violation. At most, Clark is dissatisfied with the level of his low-cholesterol diet at the county jail. A disagreement over the course of treatment is insufficient to state a cause of action under 42 U.S.C. Sec. 1983. See Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Dismissal of Clark's complaint was therefore proper as Clark failed to present a genuine issue of material fact as to a deliberate indifference to his serious medical needs.
 
 
 6
 Accordingly, the request for appointment of counsel is denied. The district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.