902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Junior Ray HOSKINS, Plaintiff-Appellant,
v.
Helen PRATT; Roberta Sewell; M.L. Rishi, Defendants-Appellees.
 No. 90-5065.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1990.
 
 1
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 
 ORDER
 
 2
 Plaintiff, Junior Ray Hoskins, appeals an order of the district court which dismissed his civil rights action. He now moves for the appointment of counsel. Upon review of the record and plaintiff's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff, an inmate at the Kentucky State Penitentiary, tendered an application for leave to proceed in forma pauperis and a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Western District of Kentucky. In support of his claim for injunctive relief and monetary damages, he alleged simply that a psychiatrist had previously diagnosed him as suffering from a mental disorder, in consequence of which he had been given a prescription for lithium. Plaintiff further alleged that defendants, all of whom were members of the medical staff at the Kentucky State Penitentiary, had prevented his receipt of that medication.
 
 
 4
 After review of those allegations, the district court granted the request for pauper status, but dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In justification of the latter action, the district court characterized plaintiff's claim as being premised upon his assertion of the right to be treated with the prescription medicine of his choice. As no such right exists under the eighth amendment, the district court dismissed his complaint. Plaintiff then filed this appeal.
 
 
 5
 The Supreme Court has recently held that, under 28 U.S.C. Sec. 1915(d), a district court may properly dismiss an action filed in forma pauperis for reason of frivolity only if the plaintiff's claims lack an arguable basis in either law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). In this appeal the district court determined that plaintiff's claim lacked an arguable basis in law as it was grounded upon the assertion of a non-existent legal right of an inmate to receive the prescription medicine of his choice. That characterization of plaintiff's cause of action is inaccurate, however, as plaintiff alleged only that defendants had prevented his receipt of medication which had previously been prescribed by a psychiatrist who had treated him. Moreover, plaintiff did not allege in the complaint that defendants were currently providing him with medical care and therefore possessed the authority to contradict the psychiatrist's earlier directions. In short, plaintiff's claim was not based upon his belief that he had a right as to the choice of medication, but simply that defendants were not providing him with medicine that a physician had prescribed. This court has held that such allegations are sufficient to give rise to a cause of action for deliberate indifference to an inmate's reasonable medical needs in violation of the eighth amendment. Byrd v. Wilson, 701 F.2d 592, 595 (6th Cir.1983) (per curiam). As a result, the district court erred in concluding that plaintiff's claim lacked an arguable basis in law and dismissing the complaint as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 6
 Accordingly, the motion for appointment of counsel is denied and the district court's order is vacated and the case remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation