929 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick MOORE, Plaintiff-Appellant,
v.
Howard CARLTON, Warden, Roy Anderson, M.D., Patricia
Dinicola, Nurse, Ann Koci, P.A., Lisa Oreto,
Nurse, Defendants-Appellees.
 No. 90-5757.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1991.
 
 E.D.Tenn, No. 89-00404; Edgar, J.
 
 
 1
 E.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 4
 Frederick Moore, a Tennessee prisoner proceeding without benefit of counsel, appeals from the order of the district court dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Moore alleged that the warden, the doctor, a physician's assistant, and two nurses at the Tennessee State Regional Correctional Facility violated his eighth amendment protection against cruel and unusual punishment by failing to provide him adequate medical attention.
 
 
 6
 The district court granted the defendant doctor's motion for summary judgment and dismissed the case against the remaining defendants for failure to state a claim under 42 U.S.C. Sec. 1983.
 
 
 7
 Upon review, we find no error.
 
 
 8
 Prison authorities may be sued for deliberate indifference to the serious medical needs of the prisoners under the eighth amendment as such indifference constitutes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). See also Byrd v. Wilson, 701 F.2d 592, 595 (6th Cir.1983) (per curiam) (claim stated for refusal to give prescribed medicine and special diet); Westlake v. Lucas, 537 F.2d 857, 860-61 (6th Cir.1976) (claim stated for failure to treat bleeding ulcer). However, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).
 
 
 9
 Moore fails to state a claim for relief, and the district court correctly granted summary judgment. The record clearly reflects a conscientious effort to treat plaintiff's serious medical need. Unfortunately, the effort failed. The failure does not, however, give rise to a cause of action for the lack of due care for Moore's interests or safety.
 
 
 10
 Accordingly, the order of the district court is hereby affirmed for the reasons set forth in the court's memorandum dated April 24, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation