929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie Z. WILSON, Plaintiff-Appellant,
v.
Francis CORBIN, R.N., Judy Johnson, R.N., D. Kanable, Deputy
Sheriff, Defendants-Appellees.
 No. 89-2167.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 84-72086; Duggan, J.
 E.D.Mich.
 AFFIRMED.
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Leslie Z. Wilson, appeals the district court's judgment dismissing his civil rights action under 42 U.S.C. Sec. 1983 against defendants-appellees, Francis Corbin, R.N., and Judy Johnson, R.N., alleging denial of adequate medical care.[1]
 
 I.
 
 2
 Plaintiff-appellant, Leslie Z. Wilson, is an inmate at the Milan federal correction institution and suffers from hypertension, heart disease and ulcers and is required to take daily medication for his health problems. During 1984, appellant was involved in a Michigan state court proceeding and was periodically released into the custody of Wayne County, Michigan officials for transportation to the Wayne County Jail where he remained pending his appearances at the Michigan state court proceedings. This suit arises out of plaintiff's treatment while incarcerated for the second time at the Wayne County Jail on March 12th and 13th, 1984. Appellant was required to appear in Michigan state court proceedings on the afternoon of March 12th. Therefore, Wayne County officials arrived at the Milan federal correction institution at approximately 10:30 a.m. to transport appellant to the jail. Appellant had eaten breakfast that morning at approximately 6:30 a.m. However, appellant, who had been instructed not to take his hydrochlorothiazide (HCTZ) medication if he felt well, had not taken any medication that morning. During transport to the Wayne County Jail, his medication was given to one of the deputies, Deputy Kanable.
 
 
 3
 Upon arrival at the jail, appellant testified that Deputy Kanable delivered his HCTZ medication to defendant-appellee nurse Judy Johnson, the head nurse at the jail. The HCTZ was for hypertension. Appellant was allowed to keep his nitroglycerine for angina on his person. At that time, appellant, who then felt as though he needed his HCTZ medication which he typically took on a daily basis, spoke to nurse Johnson, allegedly saying, " 'Ms. Johnson, I haven't take my medication yet. Will you give me some of my pills and a glass of water, let me take that.' " Appellant testified that she responded, "Okay, I will be right back." However, nurse Johnson did not return with appellant's HCTZ medication. Before leaving for his 2:00 p.m. court appearance, appellant informed the deputy on duty that he had not had his medication yet that day and that he needed his medication. Appellant also informed the deputy that he had not eaten since 6:30 a.m. that morning. The deputy was unable to locate nurse Johnson, reporting to appellant that she had gone to lunch. Accordingly, appellant left for his court appearance without having taken his medication and without eating.
 
 
 4
 Upon returning to the jail late in the afternoon of March 12th, appellant again informed officials that he had not eaten since early that morning and that he had not received his medication and that he needed his medication. The officials told appellant that he would eat and receive his medication in his cell.
 
 
 5
 However, appellant had missed the evening meal, which was typically served between 4:30 and 5:00 p.m., and he did not receive any food or medication in his cell. The next morning at approximately 4:00 a.m. appellant experienced severe pain. The nurse on duty, defendant-appellee nurse Francis Corbin, was summoned.
 
 
 6
 Nurse Corbin testified that appellant said he wasn't feeling well and gave a history of his medical conditions and the medications he took. Nurse Corbin then took appellant's blood pressure, which was 160/110. Because nurse Corbin believed the blood pressure was high enough to warrant emergency administration of prescribed medicine, he administered three drugs even though he did not have the prescriptions for the administration of this medicine. Nurse Corbin testified that if the bottom number of the blood pressure had been 120, he would "have sent appellant out" to a hospital.
 
 
 7
 Appellant did not eat the morning meal brought to him at the Wayne County Jail because he felt too sick. Appellant left the jail at 8:15 a.m. and returned to Milan at 10:30 a.m. on March 13, 1984. Upon appellant's return to Milan, he was taken directly to the Milan hospital. There he was examined by a doctor and his daily medication was increased.
 
 
 8
 On April 4, 1984, appellant filed a complaint in the Federal District Court for the Eastern District of Michigan, alleging violation of his constitutional rights by several Wayne County officials employed at the Wayne County Jail. The case was referred to a United States Magistrate. On March 20, 1987, the magistrate granted two of the defendants' motions to dismiss, but did not grant defendants Johnson's, Corbin's and Kanable's motions. On June 22, 23 and 26, 1989, the magistrate conducted a three-day bench trial in regard to these remaining three defendants. The magistrate then found that appellant had failed to establish a cause of action in regard to any defendant and dismissed the case. The district court adopted the findings of the magistrate and a final order was filed on August 31, 1989. Appellant timely filed an appeal on September 29, 1989.
 
 II.
 
 9
 Appellant Wilson contends that defendant-appellee, Judy Johnson's, failure to give him his requested medication amounts to deliberate indifference to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and the district court erred in dismissing the case for failure to state a cause of action.
 
 
 10
 The Supreme Court articulated the standard by which to judge whether a prisoner's medical treatment is in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.
 
 
 11
 These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical "torture or a lingering death," the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that "it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.
 
 
 12
 Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). (footnotes and citations omitted).
 
 
 13
 The Court distinguished "deliberate indifference to serious medical needs" from an inadvertent failure to provide adequate medical care, which does not constitute cruel and unusual punishment for purposes of the Eighth Amendment. Id. at 105. "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id. at 106.
 
 
 14
 Wayne County argues that under this standard, nurse Johnson's behavior was mere inadvertence and plaintiff has failed to demonstrate that she expressly intended to inflict unnecessary pain by her failure to bring him the requested medication.
 
 
 15
 However, the Supreme Court has stated, "An express intent to inflict unnecessary pain is not required." Whitley v. Albers, 475 U.S. 312, 319 (1986). Although the Supreme Court did not require an express intent to inflict pain, it stated that "obduracy and wantonness" were indications of deliberate indifference.
 
 
 16
 To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. This reading of the Clause underlies our decision in Estelle v. Gamble, supra, at 105-106, which held that a prison physician's "negligen[ce] in diagnosing or treating a medical condition" did not suffice to make out a claim of cruel and unusual punishment. It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.
 
 
 17
 Id.
 
 
 18
 In the present case, we do not believe that appellee Johnson's conduct rises to the level of a constitutional violation. Although appellant Wilson alleges that he specifically requested his medication and told nurse Johnson that he had not taken any previously on that day, her failure to respond to a single request does not amount to deliberate wantonness. This court has found that lack of response amounts to cruel and unusual punishment when medical or prison personnel fail to respond to repeated requests for medical attention or a prisoner's serious medical needs are not attended to for extended periods of time. Byrd v. Wilson, 701 F.2d 592, 593-94 (6th Cir.1983) (plaintiff not allowed to visit a physician for two months after the onset of his stomach troubles); Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976) (allegation that plaintiff was left in severe pain over an extended period of time without the administration of analgesic relief sufficient to withstand motion to suppress); Fitzke v. Shappell, 468 F.2d 1072, 1078-79 (6th Cir.1972) (failure to respond to complaints of pain for 12-17 hours for inmate who had hit his head on a telephone pole and blacked out constitutes a constitutional deprivation). In Carswell v. Bay County, 854 F.2d 454, 455 (11th Cir.1988) on which appellant Wilson relies, the plaintiff's repeated requests for medical treatment were ignored over an eleven week period during which the plaintiff lost approximately 53 lbs. In contrast, in the present case appellant Wilson complains of only a single instance of failure to respond on the part of nurse Johnson. We do not believe that in the circumstances of this case, this single instance in failing to respond to a request for medication constitutes cruel and unusual punishment for purposes of the Eighth Amendment.
 
 
 19
 For these reasons, we AFFIRM the district court's judgment in regard to appellee Johnson.
 
 III.
 
 20
 Appellant Wilson also argues that appellee Corbin's behavior constitutes deliberate indifference to serious medical needs. Appellant, in essence, argues that Corbin did not adequately or properly respond to his complaints of pain at 4:30 a.m. in the morning.
 
 
 21
 However, we believe the following indicates that appellee Corbin was not deliberately indifferent. After being summoned, Corbin was informed by appellant that he had stomach ulcers and high blood pressure and that he took Nitroglycerin pills for his chest pains, water pills, a white pill prior to meals, and Maalox. Nurse Corbin noted on appellant's medical record, "BP 160/110 P 86 R 18 no diaphoresis noted appears in no acute distress at this time," and administered 50 mg of hydrochlorathiazide, Donnatal, and 15 cc of Riopan. Although appellee Corbin may have erred in giving appellant the medication because he did not know whether this medicine had been prescribed, we believe such an error would constitute medical malpractice, not deliberate indifference. Appellant also criticizes appellee Corbin's decision not to immediately send him to a hospital, but Corbin's testimony indicates that he did not think such action was necessary unless appellant's blood pressure had reached a higher level. Perhaps appellee Corbin made an error in medical judgment in making this decision, but we do not believe this alleged error constitutes deliberate indifference to a serious medical need. The Supreme Court has stated that the proper forum for a medical malpractice claim against a state prison is state court under state tort law, not federal court. Estelle v. Gamble, 429 U.S. at 107.
 
 
 22
 For these reasons, we AFFIRM the district court's judgment in regard to appellee Corbin.
 
 IV.
 
 23
 To conclude, the district court's decision to dismiss the case against all defendants for failure to establish a cause of action is hereby AFFIRMED.
 
 
 
 [1]
 Deputy Kanable also was named as a defendant in plaintiff's complaint. However, plaintiff Wilson raises no ground on appeal in regard to Deputy Kanable. Therefore, an appeal in regard to Deputy Kanable is considered abandoned and will not be reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986)