**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MERRIL WADE AYERS,

        Plaintiff-Appellant,

v.

JUDITH UPHOFF, Wyoming
Department of Corrections Director,
individually and in her official
capacity; JIM DAVIS, Wyoming
Department of Corrections Health
Services Administrator, individually
and in his official capacity; DUANE
SHILLINGER, individually; JAMES
FERGUSON, Wyoming Department
of Corrections State Penitentiary
Warden, individually and in his
official capacity; JERRY STEELE,
Wyoming Department of Corrections
State Penitentiary Associate Warden,
individually and in his official
capacity; ARCHIE KERSCH,
individually; WILLIAM HETTGAR,
Wyoming Department of Corrections
State Penitentiary Associate Warden,
individually and in his official
capacity; DONALD FERGUSON,
Wexford Contract Physician,
individually; GREGORY JOHNSON,
MD, Wexford Contract Physician,
individually; JOHN PEERY,
individually; CINDY FAULKNER,
individually; JEAN SCHUTTERLEE,
individually; WEXFORD HEALTH
SOURCES, INC.; RICK SHINKLE,
Corrections Officer, Wyoming

No. 99-8014
&
No. 99-8075
(D.C. No. 95-CV-262-B)
(D. Wyo.)

Department of Corrections State
Penitentiary, individually and in his
official capacity,

       Defendants-Appellees.

## ORDER AND JUDGMENT *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiff Merril Wade Ayers, pro se and in forma pauperis, appeals the district court's entry of summary judgment in favor of defendants on his civil rights claims brought under 42 U.S.C. § 1983. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm for substantially the same reasons set forth by the district court in its order entered on August 4, 1999, and for the additional reasons discussed below.

---

*         This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.  Background and Dismissal of Plaintiff's First Appeal

Plaintiff is an inmate at the Wyoming State Penitentiary.  Defendants are employees of either the Wyoming Department of Corrections, the operator of the penitentiary, or Wexford Health Sources, Inc., a contract health care provider at the penitentiary.

Plaintiff filed suit against defendants under 42 U.S.C. § 1983 alleging a number of constitutional violations.  In response to the motions for summary judgment filed by defendants, however, plaintiff abandoned the bulk of his claims and expressly limited them to two alleged constitutional violations.  First, plaintiff alleged that defendants violated his Eighth Amendment rights by failing to provide him with a special diet prescribed by a prison physician.  Second, plaintiff alleged that defendants violated his First Amendment rights by retaliating against him for filing prisoner grievances.

In its order dated January 22, 1999, the district court adopted the magistrate judge's recommendation and entered summary judgment in favor of defendants on plaintiff's claims.  However, because the district court failed to provide plaintiff with a ten-day period to object to the magistrate judge's recommendation, as required by Fed. R. Civ. P. 72(b), the district court subsequently permitted plaintiff to file objections to the recommendation.  After considering plaintiff's

objections, the district court entered a second order granting summary judgment on August 4, 1999.

Plaintiff appeals from both of the district court's summary judgment orders. In No. 99-8014, plaintiff appeals the district court's order dated January 22, 1999. In No. 99-8075, plaintiff appeals from the district court's subsequent order dated August 4, 1999. We previously consolidated these appeals on our own motion.

We dismiss No. 99-8014 on the grounds that plaintiff's first appeal is moot given the course of the proceedings before the district court after plaintiff filed his first notice of appeal. [1]

## II. Standard of Review

We review the district court's grant of summary judgment de novo, examining the record and the reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

---

[1]   Plaintiff's appeal of the first summary judgment order is moot due to the fact that the district court entered a second, and superseding, summary judgment order on August 4, 1999. The fact that the district court denied plaintiff's motion to vacate the first summary judgment order does not alter this result. As set forth in the district court's order dated May 7, 1999, plaintiff's motion to vacate was moot given the fact that the district court had previously agreed in its order dated February 1, 1999 to reconsider the first summary judgment order. As a result, the district court did not consider the first order to be a final judgment and there was no need for the district court to formally vacate the order.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. *Id.* To oppose a motion for summary judgment, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). This requirement applies with full force and effect to Eighth Amendment claims brought by pro se prisoner litigants like plaintiff. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1526 (10th Cir. 1992). [2]

## III. Eighth Amendment Claim/Special Diet

"Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976)). For purposes of establishing a violation of the Eighth Amendment, "[a] medical need

---

[2] Both in his district court and appellate briefs, plaintiff alleges that he was not properly advised of the requirements of Rule 56 by the district court as required in cases involving pro se litigants. However, we find that any such failure by the district court was harmless error given the fact that the response briefs filed by plaintiff in opposition to defendants' motions for summary judgment contained detailed discussions of Rule 56 and its requirements. Plaintiff also demonstrated a good understanding of the mechanics of Rule 56 in the proceedings before the district court as evidenced by the fact that he submitted some twenty affidavits in opposition to defendants' motions.

is serious if it is one that has been diagnosed by a physician as mandating treatment . . ." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quotation omitted); *accord Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). This can include a special medical diet that is prescribed for an inmate by a prison physician. *See Byrd v. Wilson*, 701 F.2d 592, 594-95 (6th Cir. 1983) (prison officials' deliberate indifference towards inmate's special diet can form basis for Eighth Amendment claim if diet is medically necessary).

The record indicates that a prison physician prescribed a special low fat and bland diet for plaintiff in 1994. Plaintiff alleges in his sworn complaint that the prison's kitchen staff has failed to provide him with substitute food items that are acceptable under this special diet. Plaintiff has also submitted sworn affidavits from other prisoners, and the prisoner grievances that he filed with the prison's staff, to support this allegation.

The record indicates that plaintiff's primary complaint is that he does not like the substitute food items that the kitchen staff prepares for him and the other inmates on similar special diets. Plaintiff therefore demanded that the prison staff prepare and provide him with a special menu of various types of substitute foods so that he could preselect and individualize his meals in advance. We conclude that the prison staff's refusal to comply with this demand does not rise to a constitutional violation because plaintiff has no constitutional right to preselect

foods or demand a certain variety of foods. In short, plaintiff's dissatisfaction with the menu at the prison is not sufficient to support an Eighth Amendment claim.

The record indicates that there may have been a few occasions when the kitchen staff completely failed to provide plaintiff with substitute food items. However, plaintiff has failed to set forth specific facts showing that any of the named defendants personally participated in the actions of the kitchen staff on these occasions. This omission is fatal to plaintiff's § 1983 claim. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential element of § 1983 claim).

We also reject any claim by plaintiff that certain of the named defendants are liable for the actions of the kitchen staff in their capacities as prison supervisors. To establish supervisory liability under § 1983, plaintiff must prove that the prison supervisors personally directed or acquiesced in the alleged failures of the kitchen staff to provide him with substitute food items. *Woodward v. City of Worland*, 977 F.2d 1392, 1399-1400 (10th Cir. 1992). There is no such evidence in the record. To the contrary, as found by the district court, the record shows that the prison supervisors took a number of affirmative steps to ensure that the kitchen staff was properly accommodating plaintiff's special dietary needs.

IV. First Amendment Claim/Retaliation for Prisoner Grievances

Plaintiff alleges that there is sufficient evidence in the record to support his claim that defendants violated his First Amendment rights by retaliating against him for filing prisoner grievances. Specifically, plaintiff alleges on appeal that there is evidence in the record showing that defendants wrongfully retaliated against him by limiting his access to the prison grievance system and by denying him medical treatment and medications. We disagree.

First, the record reveals that, despite numerous warnings from prison officials, plaintiff continually abused the prison's grievance procedures by filing multiple and overlapping grievances and by making excessive demands on the prison's staff. Given this unopposed evidence, we believe that the limitations placed on plaintiff's use of the prison's grievance procedures were justified and reasonable under the circumstances and did not amount to a violation of plaintiff's First Amendment rights. [3]

Second, while the record supports plaintiff's claim that he filed numerous grievances regarding alleged deficiencies at the prison concerning his medical treatment and medications, plaintiff has failed to set forth specific facts showing that he was denied medical treatment or medications in retaliation for filing these

---

[3] The record indicates that, at one point, plaintiff was prohibited for six months from filing any grievances unless an emergency situation existed.

grievances or that any of the named defendants personally participated in the alleged retaliatory conduct. Instead, the record indicates that plaintiff received appropriate medical care at the prison and that the prison's staff made reasonable efforts to investigate and rectify any legitimate complaints about plaintiff's medical care.

## V. Qualified Immunity

Plaintiff argues that the district court improperly granted defendants protection from his § 1983 claims under the doctrine of qualified immunity. We will not address this aspect of plaintiff's appeal because we find that the defendants did not violate plaintiff's constitutional rights in any respect. *See Garramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir. 1996) (to determine whether government official is entitled to qualified immunity, court must first determine whether a constitutional violation exists). [4]

---

[4] Plaintiff also argues that the district court violated 10th Cir. R. 36.3 by adopting a magistrate judge's report that contained citations to unpublished decisions of this court. We disagree. 10th Cir. R. 36.3 only applies to litigants practicing before the Tenth Circuit and it is inapplicable to district court judges and magistrates. Furthermore, Rule 36.3 permits citations to unpublished decisions if they have "persuasive value with respect to a material issue that has not been addressed in a published opinion" and they "would assist the court in its disposition." 10th Cir. R. 36.3(B)(1) and (2).

The judgment of the United States District Court for the District of

Wyoming is AFFIRMED.  The mandate shall issue forthwith.[5]

Entered for the Court


Wade Brorby
Circuit Judge

---

[5]     Plaintiff is reminded that his outstanding court costs will continue to be collected from his prison account until they are paid off in full.