**Duval I. NEWSOME, Plaintiff–Appellant,**

v.

**Mary PETERSON, Resident Unit Officer, Defendant–Appellee.**

No. 02–1980.

United States Court of Appeals, Sixth Circuit.

May 9, 2003.

Before KENNEDY, SILER, and GILMAN, Circuit Judges.

*ORDER*

Pro se Michigan prisoner Duval I. Newsome appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Newsome sued Mary Peterson, his resident unit officer. According to Newsome, a prison doctor had prescribed two medications to treat migraine headaches that he suffered in the wake of a head injury. One medication he took daily. The other was a prescribed medication that he took only as needed, and it was to be delivered to him from the health unit within a half an hour of his request. Newsome stated that he repeatedly asked Peterson to call the health unit to obtain the medication, but that she refused to do so. He claimed that Peterson was aware of his medicine protocols, and that she spitefully caused him to endure a nine-hour migraine headache.

The district court dismissed Newsome's suit for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A, 1915(e).

In his timely appeal, Newsome argues that the district court erred in dismissing his suit for failure to state a claim. The defendant has not been served and has not filed a brief.

We review *de novo* a district court's dismissal of a complaint under §§ 1915A, 1915(e). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, we construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Turker v. Ohio Dep't of Rehab. and Corr.,* 157 F.3d 453, 456 (6th Cir.1998).

In order to state a claim of an Eighth Amendment violation involving medical mistreatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Such indifference constitutes the "unnecessary and wanton infliction of pain." *Id.* at 104 (citation omitted). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104–05 (footnotes omitted).

A claim of mere negligence; however, does not rise to the level of stating a claim. The defendant's conduct "must demonstrate deliberateness tantamount to intent to punish." *Horn by Parks v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir.1994) (citations omitted); *see also Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir.1976) (holding that a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering). Read in the light most favorable to Newsome, his complaint states such a claim. Although Newsome claims that the denial of his prescribed migraine medication lasted only through the end of the defendant's watch, the relatively short duration of the denial is not controlling. *See Byrd v. Wilson,* 701 F.2d 592, 595 (6th Cir.1983). Newsome's averments rise to the level of a claim of deliberateness that was tantamount to an intent to punish, and as such, a claim was stated.

For this reason, we REVERSE the district court's judgment and REMAND the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.