**James W. CLARK, Jr., Plaintiff–Appellant,**

**v.**

**CORRECTIONS CORPORATION OF AMERICA; Tennessee Department of Corrections; Kevin Meyers, Warden; Lonzo Duncan, Assistant Warden; Dan Devers; Jack Anderson; Scotty**

**Johnson; Debora Schaffer; Vikki Ethington; Will Staker; Michael Smith; Gene Maples; Robert Coble, Defendants–Appellees.**

No. 03–5978.

United States Court of Appeals, Sixth Circuit.

April 29, 2004.

James W. Clark, Jr., Clifton, TN, pro se.

Gustavus A. Puryear, IV, Corrections Corporation of America Legal Affairs, Mark A. Hudson, Asst. Atty. General, Nashville, TN, James I. Pentecost, Pentecost, Glenn & Rudd, Jackson, TN, Defendants–Appellees.

Before: MERRITT and MOORE, Circuit Judges; and DUGGAN, District Judge.*

## ORDER

James W. Clark. Jr., a Tennessee prisoner proceeding *pro se*, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Clark filed this civil rights action against the Corrections Corporation of America, the Tennessee Department of Correction, the Warden at the South Central Correctional Center ("SCCC") (Kevin Myers), the Associate Warden at SCCC (Lonzo Duncan), a physician at the prison (Dr. Robert Coble), seven members of the SCCC staff, and a fellow inmate at SCCC (Will Staker). Clark alleges that defendants Duncan and Smith retaliated against him in violation of the First Amendment by ordering him placed in segregation after he filed a grievance and further that, once he was placed in segregation, Duncan and Smith threatened to have him put in the maximum security unit if he did not agree to being placed in the Step Up/Step Down program. Clark further alleges that his Eighth Amendment rights were violated when: 1) he was forced to share a cell with an inmate that smoked ("second-hand smoke" claim); 2) he was attacked and seriously injured by Staker (failure-to-protect claim); and 3) he was denied medical care for the fractured jaw he sustained when Staker assaulted him (denial of medical care claim).

The defendant prison officials and employees filed a motion to dismiss, and Clark responded. Staker did not file a motion to dismiss. The matter was referred to a magistrate judge who issued a report recommending that the motion to dismiss be granted for failure to state a claim. The magistrate judge recommended that the claims against defendant Staker be dismissed because Staker is a prisoner who was not acting under color of

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District     of Michigan, sitting by designation.

state law when he assaulted Clark. The district court adopted the magistrate judge's report and recommendation over Clark's objections but dismissed Clark's claim against Staker without prejudice to Clark's right to pursue any available state court remedies against Staker. Clark's motion to alter or amend the judgment, filed pursuant to Fed.R.Civ.P. 59(e) was denied. This timely appeal followed.

We review de novo a district court's dismissal of a complaint for failure to state a claim for which relief may be granted under Fed.R.Civ.P. 12(b)(6). *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998). All well-pleaded factual allegations of the complaint are taken as true, and the complaint is subject to dismissal only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *See id.*

We agree with the district court that Clark failed to state a claim with respect to his second-hand smoke claim and his denial of medical care claim, and also that his claims against defendant Staker should be dismissed without prejudice. We conclude, however, that the district court erred in dismissing Clark's retaliation and failure-to-protect claims.

A prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 388 (6th Cir.1999) (en banc). A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.,* the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *See id.* at 394.

Essentially, Clark alleges that he was placed in punitive segregation by defendants Duncan and Smith "as a result" of his having filed a grievance in which he complained about threats directed toward him by fellow inmates. Although the magistrate suggested that because Clark continued to file grievances, he could not satisfy the second element, we cannot say that just because Clark, a person of possibly extraordinary firmness, continued to file grievances that punitive segregation would never deter a person of ordinary firmness from continuing to file grievances. Further, Clark sufficiently alleged that the defendants' conduct was motivated at least in part as a response to the exercise of his constitutional rights. In his complaint, Clark presented a short chronology of events indicating that he was placed in segregation soon after he filed a grievance. These allegations are facially sufficient to establish a "causal connection," because the court should liberally construe Clark's complaint. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, while we do not make any comment on the ultimate merit of Clark's retaliation claim, we cannot say it appears beyond doubt that the plaintiff can prove no set of facts in support of this claim which would entitle him to relief.

In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates. *See Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "[D]eliberate indifference of a constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another." *Walker v. Norris,* 917 F.2d 1449, 1453 (6th Cir.1990). Clark alleges that Staker is a mentally unstable inmate who had been assigned for a short time as

Clark's cellmate. According to the complaint, Staker attacked Clark without provocation, stabbing him five times and breaking his jaw. Clark alleges that Staker was on "medicated drugs," that he threatened Clark and other inmates in the same unit, and that unspecified defendants knew that Clark and Staker "were having problems."

Although the complaint itself lacks details relating to attack, the known dangers posed by Staker to Clark's safety, or the alleged provocation on the part of the defendants, we apply the less stringent standard to his complaint than we would apply to pleadings filed by a lawyer. *See Haines*, 404 U.S. at 520. While we are not required to speculate about basic facts that could have easily been alleged by Clark, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989) ("Neither [the Supreme] Court nor other courts ... have been willing to abrogate basic pleading essentials in *pro se* suits."), we need not speculate in this case because Clark submitted further allegations to the district court in his efforts to keep his claims from being dismissed at the pleading stage.

■ For example, in his objections to the magistrate's report and recommendation, Clark adds that the defendants knew that Staker was on medication that caused "violent mood swings"; that they knew that Staker was having problems dealing with his mental problems and had himself requested to be placed in "the bubble," an isolated restraint cell for the mentally disturbed; that the defendants denied Staker's own request to be isolated from the rest of the inmates; and that the defendants knew of the "serious conflict" between Clark and Staker that continued after Staker was removed from Clark's cell. Taking the totality of Clark's allegations as true and construing his complaint in the light most favorable to him, we cannot say that it appears beyond doubt that there is no set of facts that, if proven, would entitle him to relief on his failure-to-protect claim. On remand, Clark should be permitted to amend his complaint to include the detailed allegations and to specify which defendants were involved.

■ In order to state a claim that medical treatment amounted to a constitutional violation, a prisoner must allege acts or omissions amounting to a deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Byrd v. Wilson*, 701 F.2d 592 (6th Cir.1983). An allegation of mere negligence in diagnosis or treatment is not actionable under § 1983. *Estelle v. Gamble*, supra; *Byrd v. Wilson*, 701 F.2d at 595 n. 2. A claim of inadequate medical treatment may state a constitutional claim if the treatment rendered is "so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860–61 (6th Cir.1976). In his complaint, Clark simply alleges that he was denied medical care for his broken jaw. This is insufficient to state a claim for relief. Although Clark adds detail to the claim in his opposition to the magistrate's report, he acknowledges there that he received medical treatment, arguing instead that once prison officials knew that his jaw was broken (a fact unknown for several weeks due to misdiagnosis), they should have taken immediate steps to treat it. As a result of their delay, he alleges, he now has permanent nerve damage that can only be corrected by surgery.

This court is reluctant to second guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment, *see Westlake v. Lucas*, 537 F.2d at 860 n. 5. We agree with the district court that Clark has failed to state a claim for denial of medical care. We note, however, that Clark would be entitled to dam-

ages arising from his broken jaw should he ultimately prevail on his failure-to-protect claim.

Accordingly, we affirm the district court's judgment in part, vacate the judgment in part, and remand for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.